**SIGNED THIS: April 12, 2007**

                                          _____
                                                **MARY P. GORMAN**
                                       **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
| | ) | In Bankruptcy |
| PAUL BAYLESS and | ) | |
| JUDITH M. BAYLESS, | ) | Case No. 06-71108 |
| | ) | |
|     Debtors. | ) | |
| _____ | ) | |
| | ) | |
| JEFFREY D. RICHARDSON, | ) | |
|   Trustee, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Adversary No. 06-7211 |
| | ) | |
| PRINCIPAL FINANCIAL GROUP, | ) | |
| INC.; PAUL BAYLESS, and | ) | |
| JUDITH M. BAYLESS, | ) | |
| | ) | |
|     Defendants. | ) | |

# O P I N I O N

The issue before the Court is whether the Debtors' repayment

to an insurance company of disability overpayments within the 90-day period before their bankruptcy filing may be avoided by the Trustee as a preferential payment.

The material facts are not in dispute. The Debtors, Paul and Judith Bayless, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on August 21, 2006. The Plaintiff, Jeffrey Richardson, serves as the Chapter 7 Trustee for the Debtors' case.

According to their bankruptcy schedules, the Debtors had assets of $63,511 and liabilities of $87,526.81 when they filed their bankruptcy petition. The Trustee and the Debtors agree that the Debtors' assets and liabilities were not materially different during the 90-day period which preceded the filing of their case. Therefore, the Debtors were insolvent during the entire 90-day period preceding the filing of the bankruptcy petition. Neither Mr. nor Mrs. Bayless is employed. Mr. Bayless receives $1,213 each month in Social Security benefits; Mrs. Bayless receives $609 each month from Social Security. In addition, Mrs. Bayless receives a $493 disability payment from a long-term disability policy with the Defendant in this adversary, Principal Financial Group, Inc. ("Principal").

The disability policy with Principal provides that, once a person is determined to be disabled under the policy, the amount of the insured's disability benefit is calculated pursuant to a formula that considers pre-disability earnings, income from other

sources such as Social Security, and earnings from employment. The policy gives Principal the right to estimate Social Security benefits which an insured should be able to receive and to include those estimates in the insured's income from other sources. In the event that the insured actually receives more from Social Security than was estimated, the policy gives Principal the right to reduce future benefits to the insured by the full amount of any excess payment or to otherwise recover the excess payment directly from the insured.

Prior to filing for bankruptcy, Mrs. Bayless had applied for Social Security disability benefits. She was ultimately awarded disability benefits retroactive to December, 2003.

Based upon the amount of retroactive Social Security benefits Mrs. Bayless received, Principal determined that it had overpaid Mrs. Bayless $13,293.27 in disability benefits. After deducting the $2,400 which Mrs. Bayless paid to her attorney in order to recover the Social Security benefits, Principal requested that Mrs. Bayless repay $10,993.27 to it pursuant to her obligation under the disability policy.

Mrs. Bayless wrote a $10,993.27 personal check to Principal on her Land of Lincoln Credit Union account. The check cleared her account on May 24, 2006. Eight-nine days later, the Debtors filed their Chapter 7 petition. They did not disclose the check to Principal in their Statement of Financial Affairs in Paragraph 10

as an "other transfer" or in Paragraph 13 as a "setoff". Nevertheless, the Trustee learned of the payment.

The Trustee commenced this adversary proceeding to avoid the transfer to Principal as a preference pursuant to 11 U.S.C. §547(b). The Trustee originally named Principal as the sole defendant. Principal has not filed an answer. However, Principal's attorney stated in a telephonic status call that it would repay the Trustee the amount it received from the Debtors plus costs if ordered by this Court to do so. Principal's attorney also indicated that, if Principal is required to repay the preference to the Trustee, then Principal intends to recoup the amount it pays from future disability payments due to Mrs. Bayless. Because of its perceived right of recoupment in the event of an adverse ruling, Principal has not vigorously defended against the alleged preference. This same right of recoupment, however, would impair Mrs. Bayless' interest in future disability payments. Therefore, the Debtors have been allowed to intervene in this adversary proceeding, and it is the Debtors who actively oppose the Trustee's Complaint.

The Debtors have filed a Motion to Dismiss. The Trustee has filed a Motion for Summary Judgment. Both parties have filed briefs in support of their positions.

Section 547(b) of the Bankruptcy Code provides as follows:

> (b) Except as provided in subsection (c) and (i) of this section, the trustee may avoid any transfer of an

      interest of the debtor in property –

          (1) to or for the benefit of a creditor,

          (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

          (3)  made while the debtor was insolvent;

          (4)  made –

              (A)  on or within 90 days before the date of the filing of the petition; or

              (B)  between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

          (5)   that enables such creditor to receive more than such creditor would receive if –

              (A)  the case were a case under chapter 7 of this title;

              (B)  the transfer had not been made; and

              (C)  such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b).

    The parties agree that the Debtors were insolvent when Mrs. Bayless wrote the check to Principal for the excess payment, that the check cleared her account within the 90-day preference period, and that the payment which Principal received was greater than any distribution which it would have received from a distribution as an

unsecured claimant in this bankruptcy case.

The Debtors argue that their pre-petition payment to Principal is immune from the Trustee's avoidance power under §547(b) because it was a setoff.  There is a split of authority as to whether a setoff is a legally sufficient defense to a preference claim. *Compare* In re Kmart Corp., 318 B.R. 409, 417 (Bankr. N.D. Ill. 2004) ("Setoff or recoupment is not a legally sufficient defense to a preference action that would bar recovery of a preference claim. They are not among the enumerated exceptions and are contrary to the purpose of empowering the trustee to recover preferences.") *with* In re Schertz Hardware, Inc., 2001 WL 34076351 *5 (Bankr. C.D. Ill.) ("[A] valid setoff executed within 90 days of the date of the filing of a bankruptcy petition is nonetheless protected from avoidance under section 547, except for any insufficiency.") *and* In re Woker, 120 B.R. 454, 458 (Bankr. S.D. Ill. 1990) ("Assertion of the right to setoff constitutes an affirmative defense to the trustee's preference action, as a valid setoff does not constitute a 'transfer' that may be recovered by the trustee under §547.") The Court need not resolve this dispute because the transaction at issue in this proceeding does not qualify as a valid setoff.

Section 553 incorporates and preserves in bankruptcy law the right of setoff available at common law; as such, §553 does not create the right of setoff, but recognizes, within certain limitations, setoff rights existing under applicable state or

federal law.  Citizens Bank v. Strumpf, 516 U.S. 16, 18, 116 S.Ct 286, 133 L.Ed 2d 258 (1995); U.S. v. Maxwell, 157 F.3d 1099, 1102 (7th Cir. 1998).  The right of setoff under §553 allows parties that owe mutual debts to each other to assert amounts owed, subtract one from the other, and require payment of only the difference.  Darr v. Muratore, 8 F.3d 854, 860 (1st Cir. 1993).  When there is a conflict between the avoidance of preferential transfers under §547 and setoff under §553, setoff should be construed to minimize its interference with §547:

> This is best accomplished by giving "setoff" its traditional, rather narrow meaning.  Where a transaction actually appears to be "somewhat different" from the general run of preferences, in that it involves a mere netting-out of counterclaims or reconciliation of accounts and not a transfer of money or property, then such transaction may be considered a "setoff" within the meaning of §553....  Any other transaction should be recognized as a "transfer" under §101(4) and subject to avoidance as provided by §547.

In re Turner, 59 F.3d 1041, 1045 (10th Cir. 1995), *quoting* In re Hancock, 137 B.R. 835, 845 (Bankr. N.D. Okla. 1992).

The facts in this case establish that the Debtors' payment to Principal does not constitute a setoff.  Principal would have been setting off or recouping if it netted out disability payments due to Mrs. Bayless against the amount which Mrs. Bayless owed to Principal for the excess payments.  That is not, however, what happened here.  In this case, Mrs. Bayless paid Principal the $10,993.27 that she owed it by writing a check on her personal checking account.  "No true setoff can be accomplished by payment.

Where there is payment, by definition there is no setoff." In re Hancock, *supra*, 137 B.R. *at* 845.  Mrs. Bayless' payment to Principal by personal check was simply not a setoff.

The Debtors further argue that there was no preference because the $10,993.27 transferred to Principal was never property of the estate because it represented benefits which Mrs. Bayless was not entitled to at the time she received them.  The Debtors suggest that the funds were somehow held in trust for Principal.  However, the Debtors clearly had dominion and control over the funds; they had the power to direct the funds to a use of their choice. In re Lenox Healthcare, Inc., 343 B.R. 96, 103 (Bankr. D. Del. 2006). Principal had a right to repayment from the Debtors but had no interest in any specific account or fund of the Debtors.

Further, the possible exempt status of the funds actually used to make the payment to Principal as Social Security benefits does not prevent the transfer from being a preference.  It is well settled that a trustee may avoid the transfer of exempt property. In re Pearce, 236 B.R. 261, 267 (Bankr. S.D. Ill. 1999); In re Owen, 104 B.R. 929, 932 (C.D. Ill. 1989).

Finally, the Debtors argue that allowing the Trustee to recover the $10,993.27 as a preference would be inequitable because it would impair their fresh start.  They fear that Principal will follow through on its threat to recover from future disability payments any funds it has to pay to the Trustee.  They calculate

that such a recoupment would leave them with a monthly shortfall of $396.  The Court is not unsympathetic to the Debtors' position, but the possibility of future recoupment by Principal is not a basis to deny the Trustee the relief to which he is otherwise entitled.

For the foregoing reasons, the Debtors' Motion to Dismiss should be denied and Summary Judgment should be granted in favor of the Trustee and against Principal Financial Group, Inc. in the amount of $10,993.27 plus costs.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###